IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHY JOHNSON and RANDAL JOHNSON, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:15-cv-00775-DRH-DGW ) |
| WAL-MART STORES, INC.; and WALMART.COM, USA, LLC, | ) ) ) ) |
| Defendants. | ) |

## AMENDED CLASS ACTION COMPLAINT

### I.     PARTIES, JURISDICTION, AND VENUE

Upon information and belief, Plaintiffs Cathy Johnson and Randal Johnson ("collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

1. Plaintiff Cathy Johnson is an adult resident and citizen of Madison County, Illinois.

2. Plaintiff Randal Johnson is an adult resident and citizen of Madison County, Illinois.

3. Defendant Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Arkansas.

4. Defendant Wal-mart.com, USA, LLC, is a California limited liability company; the sole members of which are Wal-Mart Stores East, LP and Wal-Mart Stores, Inc. Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the only general partner, and WSE Investment, LLC is the only limited partner. The sole member of WSE Management, LLC and of WSE Investment, LLC is Wal-Mart Stores East, LLC. The sole

member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc. As stated above, Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of business in Arkansas.

5. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(d) because Plaintiffs' claims are part of a class action in which the amount in controversy exceeds the sum of $5,000,000 and the class contains citizens of different states than the Defendants.

6. Plaintiffs purchased items from Defendants' website to be shipped to their home in the Southern District of Illinois. Defendants' violations of Illinois Deceptive Trade Practices Act, described below, harmed Plaintiffs in the Southern District of Illinois.

7. Venue is thus proper in this Court under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to Plaintiffs' claims took place in the Southern District of Illinois.

## II.     FACTUAL BACKGROUND

8. Plaintiffs are unsophisticated consumers who purchased goods from Defendants' website for household use.

9. Plaintiffs are also patriotic Americans who, prefer to purchase goods made in the United States rather than imported goods, and are willing to pay a premium for American made goods.

10. On their website, Defendants advertise certain products as being "Made in the USA," "Assembled in the USA," and "Origin of Components USA." This is part of their overall "Made in the USA" campaign, which is the major advertising strategy of Wal-Mart.

11. In July of 2015, Plaintiffs ordered products from Defendants' website that were advertised as being "Made in the USA," "Assembled in the USA" or "Origin of Components USA." Some of those items were not in fact "Made in USA," "Assembled in the USA," or

"Origin of Components USA." Defendants can identify the particular items at issue with regard to the named plaintiffs from plaintiffs' purchase order. Often the origin information on the packaging is different from the online representations, and an issue exists as to whether even the packaging correctly identifies all the imported components.

12. Defendants' website is accessible nationwide and ships products to people all over the country and throughout the world.

### III.   CLASS ALLEGATIONS

13. Plaintiffs bring this action on their own behalf and on behalf of others similarly situated as a nationwide class action pursuant to Rule 23 of the FEDERAL RULES OF CIVIL PROCEDURE. The class which Plaintiffs seek to represent is composed of and defined as:

> All persons in states who, within the applicable limitations period, have purchased products from Walmart.com that were miss-labeled "Made in the USA," "Assembled in the USA" or "Origin of Components USA" or were otherwise miss-labeled as "USA sourced" items.

14. This action has been brought and may be properly maintained as a class action pursuant to the provisions of Rule 23 of the FEDERAL RULES OF CIVIL PROCEDURE, and satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements thereof.

15. Wal-Mart is the largest retailer in the world and states on its website that "[e]very day, millions of customers visit Walmart.com." Walmart also heavily advertises its "made in America" products, so a significant number of those visitors purchase such products. Therefore, the plaintiff class is so numerous that the individual joinder of all members is impracticable. The class meets the numerosity requirement of Fed. R. Civ. Proc. 23(a)(1).

16. Common questions of law and fact, including whether Wal-Mart did label imported products as made in the USA, predominate over any questions which affect only

individual members of the class. The class meets the commonality requirement of Fed. R. Civ. Proc. 23(a)(2).

17. Plaintiffs' claims are typical of the claims of the members of the class under Fed. R. Civ. P. 23(a)(3). The Plaintiffs and all members of the class sustained damages arising out of Defendants' common course of conduct in violation of the law as complained herein. The losses of each member of the class were caused directly by Defendant's wrongful conduct in violation of law as alleged herein.

18. Plaintiffs named herein will fairly and adequately protect the interests of the class as required by Fed. R. Civ. P. 23(a)(4). Plaintiffs have no interests which are adverse to the interests of absent class members. Plaintiffs, like all class members, purchased goods from the website that were marked with the American-made icon.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy under Fed. R. Civ. Proc. 23(b) because individual joinder of all class members is impracticable. Furthermore, because the damages suffered by each individual member of the class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual class members to redress the wrongs done to them. Individual litigation would likewise burden the court system to a much greater degree than a class action, and would present the potential for inconsistent or contradictory judgments. By contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member.

## IV.   CLAIMS FOR RELIEF

### I: VIOLATION OF UNIFORM DECEPTIVE TRADE PRACTICES ACTS

20. Plaintiffs incorporate by reference paragraphs 1-19 of this Complaint as if fully set forth herein.

21. The Uniform Deceptive Trade Practices Act, codified in Illinois at 815 ILCS 501/1, *et seq.*, makes it a deceptive trade practice to use "deceptive representations or designations of geographic origin in connection with goods or services." 815 ILCS 510/2(a)(4).

22. Defendants violated 815 ILCS 510/2(a)(4) by placing an icon on their website stating that items were made in the USA when, in fact, they were not.

23. Defendants have violated this section repeatedly and willfully, intentionally using "Made in the USA" labels to confuse and defraud shoppers.

24. Plaintiffs, and the class they represent, are entitled to their actual damages in the form of all money spent to purchase and ship fraudulent products, as well as costs and attorneys' fees under 815 ILCS 510/3.

### II: VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AND OTHER DECEPTIVE TRADE PRACTICES ACTS

25. Plaintiffs incorporate by reference paragraphs 1-24 of this Complaint as if fully set forth herein.

26. 815 ILCS 505/2 makes it an unfair or deceptive act or practice to engage in any activity that violates 815 ILCS 510/2. Because Defendants violated 815 ILCS 510/2(a)(4), they also violated 815 ILCS 505/2.

27. Plaintiffs, and the class they represent, are entitled under this act to actual damages, punitive damages, and attorneys fees.

28. The other states have deceptive trade practices acts which, as they apply to the facts at issue here, are in substance the same as the Acts referenced in Counts I and II, prohibiting the conduct detailed herein.

### III: UNJUST ENRICHMENT

29. Plaintiffs incorporate by reference paragraphs 1-28 of this Complaint as if fully set forth herein.

30. As a result of the conduct described above, Defendants have been unjustly enriched at the expense of the Plaintiffs.

31. Because Defendants' retention of this unjust benefit violates fundamental principles of justice, equity, and good conscience, Defendants should be forced to disgorge all profit unjustly gained from its illegal activities.

### V. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs seek the following relief:

(a) following appropriate discovery, an Order certifying this cause as a nationwide class action pursuant to Fed. R. Civ. P. 23,

(b) an injunction prohibiting Defendants' wrongful conduct;

(c) upon a jury verdict, an award of compensatory and punitive damages to compensate Plaintiffs and class members and to punish Defendants and deter them and others similarly situated from their illegal and unpatriotic conduct;

(d) reasonable attorneys' fees as determined by the Court;

(e) interest;

(f) costs; and

    (g)  such other further or different relief as the Court may deem appropriate.

**Plaintiffs demand trial by struck jury on all Counts.**

                                /s/ Todd Matthews_____
                                Gori, Julian & Associates, PC
                                156 N. Main Street
                                Edwardsville, IL 62025
                                618-659-9833
                                Fax: 618-659-9834
                                Email:todd@gorijulianlaw.com
                                *Attorney for Plaintiff*

**OF COUNSEL (*pro hac vice to be filed*)**
D. Frank Davis
John E. Norris
Wesley W. Barnett
Dargan M. Ware
Courtney Peinhardt
Davis & Norris, LLP
2154 Highland Ave.
Birmingham, AL

Peter H. Burke
Burke Harvey, LLC
3535 Grandview Pkwy.
Birmingham, AL

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Amended Class Action Complaint, along with the initial Complaint, shall be formally served upon Defendants within the constraints and time-frames of Fed. R. Civ. P. 4.

/s/ D. Todd Mathews
D. Todd Mathews