# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CATHY JOHNSON and RANDAL JOHNSON, on behalf of themselves and all others similarly situated,<br><br>　　Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., and WALMART.COM, USA, LLC,<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 3:15-CV-00775-DRH-DGW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PROPOSED SECOND AMENDED CLASS ACTION COMPLAINT

### I.　　PARTIES, JURISDICTION, AND VENUE

Upon information and belief, Plaintiffs Cathy Johnson and Randal Johnson (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

1.　　Plaintiff Cathy Johnson is an adult resident and citizen of Madison County, Illinois.

2.　　Plaintiff Randal Johnson is an adult resident and citizen of Madison County, Illinois.

3.　　Defendant Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Arkansas.

4. Defendant Wal-mart.com, USA, LLC, is a California limited liability company; the sole members of which are Wal-Mart Stores East, LP and Wal-Mart Stores, Inc. Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the only general partner, and WSE Investment, LLC is the only limited partner. The sole member of WSE Management, LLC and of WSE Investment, LLC is Wal-Mart Stores East, LLC. The sole member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc. As stated above, Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Arkansas.

5. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(d) because Plaintiffs' claims are part of a class action in which the amount in controversy exceeds the sum of $5,000,000 and the class contains citizens of different states than the Defendants.

6. Plaintiffs purchased items from Defendants' website to be shipped to their home in the Southern District of Illinois. Defendants' violations of the Illinois Deceptive Trade Practices Act, described below, harmed Plaintiffs in the Southern District of Illinois.

7. Venue is thus proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims took place in the Southern District of Illinois.

## II.   FACTUAL BACKGROUND

8. Plaintiffs are unsophisticated consumers who purchased goods from Defendants' website for household use.

9. Plaintiffs are also patriotic Americans who prefer to purchase goods made in the United States rather than imported goods, and are willing to pay a premium for American-made goods.

10. Defendants' website is accessible nationwide and ships products to people all over the country and throughout the world.

11. On their website, Defendants advertised certain products as being "Made in the USA," "Assembled in the USA," and "Origin of Components USA." This is part of the overall "Made in the USA" campaign, which is the major advertising strategy of Wal-Mart. <u>Items designated as being American made or sourced were marked with a prominent red, white, and blue icon on Defendants' website. These icons have since been removed.</u>

12. <u>On multiple occasions, including</u> in July of 2015, Plaintiffs ordered products from Defendants' website that were advertised on the website as being "Made in the USA," "Assembled in the USA, or "Origin of Components USA." <u>These products included Era 2X Ultra Active Stainfighter Formula Regular Liquid Detergent, Microfiber Wax Applicator Pads, various forms of Great Value plastic cutlery, L'Oreal Brow Stylist Sculptor Eyebrow Pencil, Always Ultra Thin</u>

Overnight Pads with Flexi-Wings, and Equate Sensitive Skin Unscented Body Wash.

13. Plaintiffs later determined that many of the items they ordered were not made in the USA.

14. Although all of the items were marked on the website with a large and prominent icon proclaiming them to be American-made, a closer inspection of the fine print about each item calls this into question. Plaintiffs noticed this fine print after purchasing the items. On the website, the "Explore this item" section for each item stated the "Assembled in Country of Origin" and the "Origin of Components." For example, at the time Plaintiffs began to suspect the products may not be American-made, this section of the website for Always Ultra Thin Overnight Pads with Flexi-Wings stated "USA or Imported" for both the "Assembled in Country of Origin" and "Origin of Components" fields. Likewise, the Era 2x Ultra Active Stainfighter Formula Regular Liquid Detergent stated "USA or Imported" for both of these fields.

15. The packaging on many of the products revealed that they were made in another country. For example, the packaging of the Microfiber Wax Applicator Pads and the Great Value cutlery stated that these items were made in China. According to the packaging, the Always Ultra Thin Overnight Pads with Flexi-Wings were assembled in Canada, and the Equate Sensitive Skin Body Wash was

made in Canada. The L'Oreal Brow Stylist Sculptor Eyebrow Pencil was made in the Czech Republic. Even in the fine print of the "about this item" section, the website stated unequivocally that the cutlery, the body wash, and the eyebrow pencil were assembled in the USA from American components.

16. Many of the items purchased by Plaintiffs, including makeup, laundry soap, and garbage bags are consumable household items that Plaintiffs did in the past and intend in the future to purchase on a regular basis. Because of Defendants' illegal and fraudulent mis-labeling, Plaintiffs cannot know in the future whether such products are actually made, assembled, and/or sourced in the USA or not.

17. Because the items are relatively inexpensive household consumables, and because Plaintiffs maintain a strong preference for American-made products, knowledge that a product is not, in fact, made, assembled, and/or sourced in the USA would lead Plaintiffs to choose a competing product made in the USA. Plaintiffs are damaged in the amount they spent on the falsely-advertised products because they did not get the benefit of their bargain, which included supporting American jobs and the quality of American-made goods.

18. Since Plaintiffs filed suit, Defendants have removed all icons proclaiming that items are made, assembled, or sourced in the USA. Defendants have done so in response to an inquiry by the Federal Trade Commission, which thereafter stated that "it would not pursue action against Walmart because the retailer

had taken voluntary steps to 'prevent consumer deception.'" http://madeinusanews.com/2015/10/20/walmart-removes-made-in-usa-logos-from-website-after-government-inquiry/ (last accessed October 22, 2015). These voluntary steps were taken long after Plaintiffs and other consumers were actually deceived.

### III.   CLASS ALLEGATIONS

19.   Plaintiffs bring this action on their own behalf and on behalf of others similarly situated as a multi-state class action pursuant to Rule 23 of the FEDERAL RULES OF CIVIL PROCEDURE. The class which Plaintiffs seek to represent is composed of and defined as:

> All persons in states which have enacted the Uniform Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Business Practices Act, or any act similar in substance, who, within the applicable limitations period, have purchased products from Walmart.com that were mis-labeled "Made in the USA," "Assembled in the USA," or "Origin of Components, USA" or were otherwise mis-labeled as "USA-sourced" items.[1]

In *Mullins v. Direct Digital, LLC*, the plaintiff sought to represent a similar class, including all nine states that Plaintiffs seek to include here. 795 F.3d 654 (7th Cir.

---

[1] As described below, the Illinois laws in question are 815 ILCS 510/2 and 815 ILCS 505/2. The other states are California, Florida, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington. See Cal. Bus. & Prof. Code § 17200, et seq.; Fla. Stat. § 501.201 et seq.; Mich Stat. §445.901 et seq.; Minn Stat. §§325F.68-325F.70; Mo. Rev. Stat § 407.010 et seq.; N.J. Stat. Ann. § 56:8-1 et seq.; N.Y. Gen. Bus. Law § 349 et seq.; and Wash. Rev. Code §19.86.010 et seq. The Seventh Circuit affirmed certification of a multi-state class alleging violations of these laws in *Mullins*. 795 F.3d 654 (7th Cir. 2015).

2015). The Northern District of Illinois granted certification and the Seventh Circuit affirmed. *Id.* at 657.

20. Alternatively, if the Court does not certify the above class, Plaintiffs seek to represent the following Illinois-only class:

> All Illinois residents who, within the applicable limitations period, purchased products from Walmart.com that were mis-labeled "Made in the USA," "Assembled in the USA," or "Origin of Components, USA," or were otherwise mislabeled as "USA-sourced" items.

21. This action has been brought and may be properly maintained as a class action pursuant to the provisions of Rule 23 of the FEDERAL RULES OF CIVIL PROCEDURE, and satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements thereof.

22. Wal-Mart is the largest retailer in the world and states on its website that "[e]very day, millions of customers visit Walmart.com." Walmart also heavily advertises its "made in America" products, so a significant number of those visitors purchase such products. A significant portion of those purchasers reside in the nine states of the class, which include four of the five largest states in the United States. Therefore, the plaintiff class is so numerous that the individual joinder of all members is impracticable. The class meets the numerosity requirement of Fed. R. Civ. Proc. 23(a)(1).

23. Common questions of law and fact, including whether Wal-Mart did label imported products as made in the USA, predominate over any questions which affect only individual members of the class. The class meets the commonality requirement of Fed. R. Civ. Proc. 23(a)(2).

24. Plaintiffs' claims are typical of the claims of the members of the class under Fed. R. Civ. P. 23(a)(3). The Plaintiffs and all members of the class sustained damages arising out of Defendants' common course of conduct in violation of the law as complained herein. The losses of each member of the class were caused directly by Defendant's wrongful conduct in violation of the law as alleged herein.

25. Plaintiffs named herein will fairly and adequately protect the interests of the class as required by Fed. R. Civ. P. 23(a)(4). Plaintiffs have no interests which are adverse to the interests of absent class members. Plaintiffs, like all class members, purchased goods from the website that were marked with the American-made icon.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy under Fed. R. Civ. Proc. 23(b) because individual joinder of all class members is impracticable. Furthermore, because the damages suffered by each individual member of the class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual class members to redress the wrongs done to them. Individual

litigation would likewise burden the court system to a much greater degree than a class action, and would present the potential for inconsistent or contradictory judgments. By contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member.

## IV. CLAIMS FOR RELIEF

### I: VIOLATION OF UNIFORM DECEPTIVE TRADE PRACTICES ACT

27. Plaintiffs incorporate by reference paragraphs 1-26 of this Complaint as if fully set forth herein.

28. The Uniform Deceptive Trade Practices Act, codified in Illinois at 815 ILCS 501/1 et seq., makes it a deceptive trade practice to use "deceptive representations or designations of geographic origin in connection with goods or services." 815 ILCS 510/2(a)(4).

29. Defendants violated 815 ILCS 510/2(a)(4) by placing an icon on their website stating that items were made in the USA when, in fact, they were not.

30. Defendants have violated this section repeatedly and willfully, intentionally using "Made in the USA" labels to confuse and defraud shoppers.

31. Plaintiffs, and the class they represent, are entitled to injunctive relief as well as costs and attorneys' fees under 815 ILCS 510/3.

### II. VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

32. Plaintiffs incorporate by reference paragraphs 1-31 of this Complaint as if fully set forth herein.

33. 815 ILCS 505/2 makes it an unfair or deceptive act or practice to engage in any activity that violates 815 ILCS 510/2. Because Defendants violated 815 ILCS 510/2(a)(4), they also violated 815 ILCS 505/2.

34. Plaintiffs, and the class they represent, are entitled under this act to actual damages calculated by the price of the fraudulently-advertised items they bought, punitive damages, and attorneys' fees.

35. The other states noted in Footnote 1 have deceptive trade practices acts which, as they apply to the facts at issue here, are in substance the same as the Acts referenced in Counts I and II, prohibiting the conduct detailed herein.

### III. UNJUST ENRICHMENT

36. Plaintiffs incorporate by reference paragraphs 1-35 of this complaint as if fully set forth herein.

37. As a result of the conduct described above, Defendants have been unjustly enriched at the expense of Plaintiffs.

38. Because Defendants' retention of this unjust benefit violates fundamental principles of justice, equity, and good conscience, Defendants should be forced to disgorge all profit unjustly gained from its illegal activities.

### V. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs seek the following relief:

(a) following appropriate discovery, an Order certifying this cause as <u>multi-state</u> class action pursuant to Fed. R. Civ. P. 23, <u>with subclasses as the Court deems appropriate, and notice as applicable to the absent class members</u>;

(b) an injunction prohibiting Defendants' wrongful conduct;

(c) upon a jury verdict, an award of compensatory and punitive damages to compensate Plaintiffs and class members and to punish Defendants and deter them and others similarly situated from illegal and unpatriotic conduct;

(d) reasonable attorneys' fees as determined by the court;

(e) interest;

(f) costs; and

(g) such other further relief as the Court may deem appropriate.

**Plaintiffs demand trial by struck jury on all counts.**

/s/ John. E. Norris
Attorney for Plaintiffs

**OF COUNSEL**
D. Frank Davis
John E. Norris
Wesley W. Barnett
Dargan M. Ware
Davis & Norris, LLP

2154 Highland Ave.
Birmingham, AL

Peter H. Burke
Burke Harvey, LLC
3535 Grandview Pkwy.
Birmingham, AL

D. Todd Mathews
Gori, Julian & Associates, PC
156 N. Main Street
Edwardsville, IL 62025

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 2, 2015, a true and correct copy of the foregoing was served electronically through the CM/ECF electronic filing system on all counsel of record.

/s/ John E. Norris_____
Attorney for Plaintiffs